﻿Citation Nr: AXXXXXXXX
Decision Date: 11/30/20 Archive Date: 11/30/20

DOCKET NO. 200102-53285
DATE: November 30, 2020

REMAND

Entitlement to service connection for irritable bowel syndrome (IBS) is remanded.

REASONS FOR REMAND

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. This decision has been written consistent with the new AMA framework. 

The Veteran served on active duty in the United States Air Force from April 1997 to April 2005.

This claim comes before the Board of Veterans’ Appeals (Board) on appeal of a June 2018 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO). The Veteran timely appealed this decision to the Board in a July 2018 notice of disagreement. The RO issued a statement of the case (SOC) in December 2019. The Veteran timely appealed this decision to the Board in a January 2020 notice of disagreement (VA Form 10182), opting into the AMA system and requesting direct review by a Veteran's Law Judge. Therefore, the December 2019 SOC is considered the decision on appeal.

In adjudicating this matter, the Board may consider evidence submitted or otherwise associated with the record at the time of the December 2019 SOC. 

Regrettably, additional development is necessary before the Veteran’s claim for entitlement to service connection for IBS can be adjudicated.

The Veteran contends that she has a current diagnosis for IBS that manifest during or is otherwise related to active service. Specifically, the Veteran contends that her in-service symptoms of and treatment for gastrointestinal conditions show that her IBS had its onset during active service.

The Veteran’s service treatment records show that the Veteran reported infrequent bowel movements when treated for a femoral hernia in October 2000. 

The Veteran was treated for nausea, vomiting, and constipation in June 2001. The Veteran reported that her last bowel movement was two weeks prior and presented with symptoms of discomfort, mild abdominal tenderness, and hyperactive bowel sounds. The Veteran was diagnosed with constipation and provided a treatment plan that included Dulcolax, Colace, an enema, and magnesium citrate.

The Veteran was treated for abdominal pain and diarrhea in April 2002. The Veteran reported that she had been on Colace for stool softening, but ran out, and had been using Correctol for one week. Abdominal x-rays showed some fecal retention. The Veteran was provided antibiotic treatment, milk of magnesia, and placed back on Colace. Toxin studies were provided, and a clostridium difficile study was ordered.

The Veteran’s post-service treatment records seem to indicate that she has a current diagnosis for IBS. An August 2017 VA treatment record shows that the Veteran was referred to a gastrointestinal specialist regarding IBS. Subsequent VA treatment notes indicate that the Veteran was provided a Non-VA Coordinated Care (NVCC) gastrointestinal consultation and colonoscopy in October 2017. In January 2018, VA records indicate that the Veteran’s pharmacy was unable to fill a prescription from the NVCC gastrointestinal specialist. Following unsuccessful attempts to contact the specialist by the Veteran and the pharmacy, the Veteran was provided a non-formulary medication consult from the VA and an alternative prescription for IBS was provided. An August 2019 VA treatment record indicated that the Veteran was taking lubiprostone for IBS and that it was working well.

Upon careful review, it appears that none of the records from the NVCC gastrointestinal consultation are part of the available record or that attempts were made to obtain these records. While the Veteran cited her gastrointestinal consultation during her May 2018 VA examination for intestinal conditions, these records were not available for review by the examiner. Additionally, while the October 2017 colonoscopy is briefly noted in subsequent VA treatment records as normal except for an external hemorrhoid, no other reports or reviews regarding the colonoscopy are contained in the available record.

As the evidence of record for consideration in this case (prior to the December 2019 SOC) clearly identifies the existence of pertinent treatment records that were not requested or otherwise obtained, such efforts must now be undertaken. Thus, a remand based on this pre-decisional duty to assist error is warranted to obtain the Veteran's outstanding NVCC gastrointestinal treatment records. 38 C.F.R. § 20.802 (a).

Further, the Board notes that, if outstanding and pertinent records regarding the Veteran’s gastrointestinal conditions are obtained, the May 2018 VA examination may be rendered inadequate. See 38 U.S.C. § 5103(a); Barr v. Nicholson, 21 Vet. App. 31 (once VA undertakes the effort to provide an examination when developing a claim for service connection, even if not statutorily obligated to do so, it must provide an adequate one).

The matter is REMANDED for the following action:

1. Take any appropriate steps to obtain treatment records regarding the Veteran’s above referenced NVCC gastrointestinal consultation and colonoscopy.

If possible, to expedite this case, the Veteran or their representative should submit these records, if possible, or indicate that they cannot be found.

2. If additional pertinent evidence is associated with the claims file, obtain an opinion from an appropriate clinician to determine the nature and etiology of the Veteran’s claimed IBS. Specifically, the examiner should opine whether it is at least as likely as not (a 50 percent or greater probability) that the Veteran's IBS had its onset during or is otherwise related to active service.

A complete rationale for any opinions expressed should be provided. The report should set forth all complaints, findings, and diagnoses relating to the Veteran’s IBS and provide a rationale for all conclusions reached.

If the requested opinion cannot be rendered without resorting to speculation, the examiner must state whether the need to speculate is caused by a deficiency in the state of general medical knowledge, i.e., no one could respond given medical science and the known facts, or by a deficiency in the record or the examiner, i.e., additional facts are required, or the examiner does not have the needed knowledge or training.

 

 

John J. Crowley

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board E. VanValkenburg, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.